UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PONTE

    Plaintiff,

v.

WELTMAN, WEINBERG & REIS
CO., L.P.A

    Defendant.
_____/

Case No. 22-11721

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 10]; (2) DENYING PLAINTIFF'S MOTION TO STRIKE [ECF No. 11]; AND MOOTING (3) DEFENDANT'S MOTION TO STRIKE [ECF No. 26]**

## I.   Introduction

Plaintiff Robert Ponte ("Ponte") filed a complaint on July 26, 2022 against Weltman, Weinberg, & Reus Co., L.P.A ("WWR" or "Weltman"). [ECF No. 1]. It alleged one count under the Federal Debt Collection Practices Act, 15 USC § 1692, et seq. The complaint accuses Weltman of violating this provision by recording a Discover Bank judgment lien against an alleged property interest Ponte held in Washtenaw County.

Since then, Ponte has amended the complaint to add several related state law claims. In his Amended Complaint, Ponte alleges that two judgment liens, recorded on June 1, 2015 and December 23, 2015, had expired after five years pursuant to the

1

Michigan Judgment Lien Act, Mich. Comp. Law § 600.2809(4). [ECF No. 7, PageID.31, 33]. Ponte alleges that WWR failed to serve him with those judgment liens and, upon Ponte's request, WWR was obligated to record a release of those liens but refused to do so. [ECF No. 7, PageID.32]. Ponte also claims that he does not own any real property in Washtenaw County and therefore the judgment liens improperly sought to extract payment from him, rather than the mortgagee who owns the real property. [ECF No. 7, PageID.35]. Ponte claims that WWR violated the FDCPA, 15 U.S.C. § 1692e and § 1692f, by not releasing the judgment liens and by recording an additional judgment lien. [ECF No. 7, PageID.37-38]. Ponte also purports to allege state law claims for violation of the Michigan Collection Practices Act, Mich. Comp. Law § 445.251 et seq., Michigan Consumer Protection Act, Mich. Comp. Law § 445.901 et seq., Slander of Title-Quite Title-Equitable Relief, Mich. Comp. Law § 565.108, and Negligence. [ECF No. 7, PageID.39-46].

Before the Court are three motions: (1) Weltman's Motion to Dismiss the Amended Complaint [ECF No. 10]; (2) Ponte's Motion to Strike Statement of Facts contained in the Brief supporting Defendants Motion to Dismiss and instead to Adopt Statement of Facts supported by Plaintiffs Testimonial Affidavit [ECF No. 11]; and (3) Weltman's Motion to Strike Ponte's Testimonial Affidavit [ECF No. 26]. Weltman's Motion to dismiss was filed on August 12, 2022. Ponte responded on August 31, 2022 [ECF No. 14], and Weltman replied on September 9, 2022. [ECF

No. 18]. The Motion is fully briefed. Upon review of the parties' briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons set forth below, Weltman's Motion to Dismiss is **GRANTED**. However, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. Weltman's Motion to Strike is **MOOT**. Ponte's Motion to Strike is **DENIED**.

## II.   Factual and Procedural Background

On May 13, 2022, Ponte filed a lawsuit against Quantum Law Group, PLLC that was assigned to Judge Paul D. Borman in this Court, Case No. 22-cv-11033 ("Case No. 1"). [Case No. 1, ECF No. 1]. On May 20, 2022, Ponte filed a Notice of Voluntary Dismissal of Case No. 1 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). [Exhibit A, ECF No. 4]. On May 24, 2022, Ponte filed a "Withdrawal of Voluntary Dismissal." [Case No. 1, ECF No. 5]. On May 24, 2022, Ponte filed an Amended Complaint that added WWR as a party and removed Quantum Law Group, PLLC as a party but maintained the same FDCPA claim. [Exhibit B, Case No. 1, ECF No. 6]. Ponte filed his second "Notice of Voluntary Dismissal by Robert Ponte *without prejudice to refiling*" on July 25, 2022. Judge Borman dismissed the case the next day.

On July 26, 2022, Ponte filed the nearly identical Complaint alleging the same FDCPA claim against WWR as in Case No. 1, which was assigned to this Court as Case No. 22-cv-11721 ("Case No. 2"). [Exhibit D, Case No. 2, ECF No. 1]. Ponte filed a third Notice of Voluntary Dismissal on July 26, 2022 [ECF No. 2] and the court terminated the case on July 27, 2022. The same day the case was terminated, Ponte filed his Notice of Withdrawal of his Notice of Voluntary Dismissal [ECF No. 4]. The Court acknowledged the receipt of this notice of withdrawal and reopened the case. [ECF No. 6]. Ponte then filed an Amended Complaint alleging the same FDCPA claim under 15 USC § 1692 and he added several related state law claims based on the same underlying conduct allegedly perpetuated by Weltman in case no. 1.

On July 27, 2022, Ponte filed the verbatim Complaint as in Case No. 2, with the same purported claims against WWR, which was assigned to Judge Robert H. Cleland, Case No. 22-cv-11737 ("Case No. 3"). [Exhibit F, Case, ECF No. 1]. He filed his fourth notice of voluntary dismissal on July 30, 2022.  For all the complaints Ponte filed, the parties, and the subject matter of the dispute and the claims were identical, and he answered "none" for the question on the civil cover sheet which asks whether there are any possible companion cases, leaving the Court unaware of their existences until Defendant filed its Motion to Dismiss.

### III. Discussion

#### a. Ponte's Motion to Strike

Plaintiff moves to strike the statement of facts contained in WWR's motion to dismiss, arguing only that they are inaccurate and conclusory. ECF No. 11, PageID.219.

Federal Rule 12(f) provides that, on a motion of a party, the court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has liberal discretion to strike such filings as it deems appropriate, or to let the filings stand. *Van Loo v. Cajun Operating Co.*, 64 F.Supp.3d 1007, 1012 (E.D. Mich. 2014) (internal citation omitted). However, the Sixth Circuit has held that such motions are a "drastic remedy" that are to be used sparingly and are only to be granted when the pleadings to be stricken have no possible relation to the controversy. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953).

Pursuant to its discretion, the Court will not strike the facts articulated in WWR's Motion to dismiss, as they do not plead an insufficient defense, they are not redundant, or immaterial. WWR's statement of facts pertain to its defenses and are helpful for the Court's interpretation the factual record pertaining to WWR's motion to dismiss.

#### b. WWR's Motion to Dismiss

5

### i. Standard of Review

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). See *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). Defendant disputes the factual existence of subject matter jurisdiction.

Although a notice of dismissal filed before the opposing party has filed an answer or motion is self-effectuating and never subject to review, it operates as an adjudication on the merits if the plaintiff previously voluntarily dismissed an action based on the same claim. *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar*, Inc., 951 F.3d 769 (6th Cir. 2020). The two dismissal rule, providing that a second self-effectuating dismissal upon plaintiff's request operates as an adjudication on the merits if the plaintiff previously voluntarily dismissed an action based on the same claim, is an exception to the general principle that a voluntary dismissal does not bar a new suit based upon the same claim. See *Id.*; Fed. R. Civ. P. 41(a)(1)(B).

The rule aims to "prevent delays and harassment" caused by a plaintiff who unilaterally and repeatedly dismisses a case without prejudice. *Id.* citing Wright & Miller, supra, § 2368 (collecting cases); *Poloron Prods., Inc. v. Lybrand Ross Bros.*

*& Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976) (noting that the rule's purpose is to "prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action"). "[T]he two-dismissal rule continues to serve an important function by informing a plaintiff's choice and insulating defendants from repeated unilateral dismissals." *Id*

### ii. Analysis

For case no. 1, Ponte filed a complaint alleging a FDCPA claim, he filed a voluntary notice of dismissal, withdrew that notice, and amended his complaint only to substitute WWR as a party. He then voluntarily dismissed the case without prejudice. For case no. 2, Ponte filed a complaint alleging a FDCPA claim against WWR, it was identical to the amended complaint Ponte voluntarily dismissed in case no. 1. Ponte voluntarily dismissed case no. 2, then withdrew that dismissal and filed an amended complaint that added several state law claims. Ponte filed case no. 3 with a complaint that was identical to the amended complaint in case no 1 and the amended complaint in case no. 2. Ponte voluntarily dismissed case no. 3.

Clearly, the complaints in all three cases arise from the same transaction or occurrence involving an FDCPA claim against WWR. Thus, after Ponte voluntarily dismissed his original complaint in this case—which was identical to the amended complaint in case no. 1 and the original complaint in case no. 3—containing a FDCPA claim against WWR, Ponte's FDCPA claim became adjudicated on the

merits. Even though Ponte withdrew his voluntary notice of dismissal and attempted to amend his complaint, Ponte's FDCPA claim is not properly included in the amended complaint presently before the Court since that claim was previously adjudicated on the merits.

Further, because the previous dismissal serves as an adjudication on the merits, Ponte's FDCPA claim is barred by the doctrine of *res judicata*. See *Hancock v. Pomazal*, 416 Fed. Appx. 639 (9th Cir. 2011) (the district court properly dismissed an action as barred by res judicata because the plaintiff had dismissed voluntarily two earlier lawsuits against the defendants alleging the same claims, and the second dismissal operated as an adjudication on the merits); see also, *Helfrich v. Metal Container Corp.*, 11 F. App'x 574 (6th Cir. 2001) ("Doctrine of 'res judicata,' or 'claim preclusion,' mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented.") and *Cobbs v. Katona*, 8 F. App'x 437 (6th Cir. 2001) ("Issue preclusion," or "collateral estoppel," bars the re-litigation of issues that have already been actually litigated and lost in a prior action.").

The state law claims Ponte added by way of amended complaint in this case have not been adjudicated on the merits. But the Court will nonetheless dismiss them

8

because—in the absence of a federal question or diversity jurisdiction—the Court does not have subject matter jurisdiction over the state law claims. The diversity jurisdiction provision is codified at 28 U.S.C. § 1332 and grants federal court jurisdiction in all civil actions between citizens of different states and between a citizen of a state and a subject of a foreign state if the amount in controversy exceeds $75,000. While Ponte alleges that he "resides in Washtenaw County" Michigan, he does not allege his citizenship. For purposes of diversity jurisdiction, "an individual is not necessarily a citizen of the place in which that individual resides; rather, an individual is a citizen of the state in which that individual is domiciled, as defined by the individual's physical presence within a state and intent to remain indefinitely." *Blaszczyk v. Darby*, 425 F. Supp. 3d 841 (E.D. Mich. 2019). Ponte does not allege whether he intends to remain in Michigan indefinitely and is therefore a "citizen" of Michigan. Ponte also fails to state whether WWR is a citizen of Michigan. He states that WWR is an Ohio Professional Corporation but does not say where WWR's principal place of business is located. For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and its principal place of business. See *Hertz Corp. v. Friend*, 559 U.S. 77, 89, 130 S. Ct. 1181, 1190, 175 L. Ed. 2d 1029 (2010).

Without the FDCPA claim, Ponte's amended complaint does not allege a federal question and the Court is not satisfied that diversity jurisdiction exists. Thus,

Ponte FDCPA claim is subject to dismissal under the doctrine of *res judicata* and his state law claims are subject to dismissal without prejudice under Fed. R. Civ. P. 12 (b)(1) for lack of subject matter jurisdiction.

### IV. Conclusion

Defendant's Motion to Dismiss is **GRANTED**. However, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. Defendant's motion to strike is **MOOT** and Plaintiff's Motion to strike is **DENIED**.

**SO ORDERED.**

Dated: September 8, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 8, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk